UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                              Dkt. No. 11-CR-569 (PAC)

       -against-

LEWIS ALLEN,

            Defendant.
-----------------------------------------------------------x


**SENTENCING SUBMISSION**


                                               Law Offices of Charles S. Hocbaum
                                               Attorney for Lewis Allen
                                               16 Court Street
                                               Suite 1800
                                               Brooklyn, NY 11241

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                Dkt. No. 11-CR-630 (KMK)

       -against-

DEXTER THOMAS,

        Defendant.
------------------------------------------------------------x

**MEMORANDUM AND OF SENTENCING
ON BEHALF OF DEFENDANT LEWIS ALLEN**

<u>INTRODUCTION</u>

    Lewis Allen appears for sentencing following his guilty plea to Use and Possession of a Firearm in relation to a Crime of Violence Resulting in Murder pursuant to 18 USC 924(j) that occurred on June 12, 2006.  At the time of the offense Lewis Allen was 17 years of age.

    This memorandum is submitted on behalf of Lewis Allen in support of his request for a sentence that reflects his particular circumstances which led to his involvement in this event and a sentence that incorporates into it the time that Mr. Allen has been serving in Federal Prison since July of 2008 in a related indictment in which he was sentenced by Judge Scheindlein to 87 months imprisonment. It is submitted here that a non-guideline sentence which takes into account the age of Mr. Allen at the time of the offense and the family

2

circumstances and early childhood trauma which he suffered would fulfill all of the requirements of 18 U.S.C. §3553(a) most importantly that the sentence would be, based upon Mr. Allen's personal history and characteristics and would be "sufficient", but not greater than necessary," to comply with the purposes set forth in 18 U.S.C. §3553(a).

## THE OFFENSE CONDUCT

On October 26, 2013, Mr. Thomas entered a guilty plea to one count of the indictment charging him with Possession and Use of a Firearm in Relation to a Crime of Violence resulting in Murder.

## OBJECTIONS TO THE PRE-SENTENCE REPORT

Mr. Allen objects to the determination that he is in Criminal History Category III .  We believe that such a determination substantially over represents the seriousness of the Defendant's criminal history in that it takes into account what we believe is a related sentence given by Judge Scheindlein and a conditional discharge given to the Defendant for a minor trespassing case at the age of 17.

## THE APPROPRIATE SENTENCE

Title 18, United States Code, Section 3553(a) directs a sentencing court to impose a reasonable sentence that is "sufficient, but not greater than necessary" to achieve the purposes of sentencing.  This statutory mandate has taken on new meaning in light of the Supreme Court's decisions in United States v. Booker, 543

U.S. 220 (2005), Gail v. United States, 128 S.Ct. 586 (2007), and <u>Rita v. United States</u>, 551 U.S. 338 (2007), as well as the Second Cir. 2005), and its progeny.

In <u>Gail</u>, the United States Supreme Court held that while the Guidelines should be "the starting point and initial benchmark" of a reasonable sentence, the sentencing judge "may not presume that the Guideline range is reasonable" and "must" make an individualized assessment based on the fact presented." <u>Gail,</u> 128 S.Ct. At 587. Thus, a sentencing court, after considering the advisory Guidelines, is now free to fashion a reasonable sentence that it seems appropriate based upon all of the sentencing factors set forth in 18 U.S.C. §3553(a).

Mr. Allen has been in Federal Custody since 2008. While the Government may argue that this case is unrelated we do not believe so. Mr. Allen was sentence in 2008 for being a street level crack dealer for what is called the "Martinez Organization" . It was leaders of that organization who were contracted by Mr. Fernandini to commit the shooting that Mr. Allen pled guilty to As part of his participation in that organization Mr. Allen was instructed to participate in the shooting for which he now appears for sentence. Given the defendant's life history, family circumstances, and the nature and circumstances of his involvement in the offense, we submit that a non-guideline sentence is "sufficient, but not greater than necessary, to comply with the purposes" of the sentencing factors outlined in 18 U.S.C. 3553(a)(1).

**1.  The History and Characteristics of the Defendant**

As the Court will note from the history of the defendant laid out in the Pre-sentence investigation Mr. Allen was the the product of a mostly single parent home as his father abandoned the family .  At the age of 7 the defendant was sexually assaulted by his brother and while the final act of sodomy was not completed because his mother walked in on the event, that trauma along with his brother dying in his arms when Mr. Allen was 13 years old had a significant impact on Mr. Allen's foray into the life he led on the streets of the Bronx.

The attempted sodomy of Mr. Allen was kept secret from the rest of the family and up until the time of the plea in this case only the Defendant's mother knew of the incident.  In my conversations with the rest of the Defendant's family no one knew of the incident as it was hidden by the Defendant's mother.  Mr. Allen received some minimal therapy at that time but there was no follow up and as is often the case where such acts are hidden the victim tends to believe that his actions were the cause of the incident.  The subsequent death of his younger brother in his arms also contributed to adversely to the Defendant's mental health and drove him out of the home into the "supportive street family of drug dealers" who appeared to provide much more support to Mr. Allen than his real family.

It is no surprise that under these conditions and psychological traumas that Mr. Allen had difficulty adjusting to adult life.  Although he attempted to work and go to school he was only able to get minimal minimum wage jobs and dropped

out t of high school.  He attempted to persevere and did attain his GED but the circumstances of his upbringing: the abandonment by his father, the psychological trauma of the sexual assault, the shame and hiding of this incident from the rest of the family, the death of his younger brother in his arms all coupled with the lack of any familial support or mental health treatment certainly appear to be significant mitigating factors which contributed greatly to Mr. Allen's involvment in both the street level dealing he was involved with and the subsequent shooting on the orders of those above him when he was only 17 years old

**2.  Mr. Allen will not receive credit from the BOP for time he has served under his prior sentence.**

Mr. Allen has been incarcerated since 2008.  He was arrested on this charge while serving the sentence reference above.  Absent an order by this Court that incorporates his prior sentence any sentence imposed herein will run consecutively to the 87 month sentence he is presently serving.  As stated above it is the Defendant's contention that the conduct here was in fact part and parcel of the conduct which resulted in that sentence and the Court should run any sentence herein concurrently with the sentence he is now serving. The Bureau of Prisons will not credit Mr. Allen for the time he had already served including that time after his arrest in this case because it is being  credited against another sentence.

While the parties do not agree that this is a related case we strongly urge

the Court to find it so. Under 18 U.S.C. §3585, a defendant can only get credit for custody prior to the imposition of sentence when the detention was (1) "a result of the offense for which the sentence was imposed" or (2) "a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed that time has not been credited against another sentence. 18 U.S.C. §3585(b)(1) and (2).

## **CONCLUSION**

While at no time it is the intent of the Defendant to minimize the egregious conduct which he participated in we believe that a careful examination of the Defendant's personal family history and his young age at the time of this offense militates for a non-guideline sentence which would be both reasonable and "not greater than necessary" to meet the goals of sentencing articulated in 18 U.S.C. § 3553.

Respectfully,

CHARLES S. HOCHBAUM