UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

LEWIS ALLEN,                                                  :

                *Petitioner*,                        :          11 Cr. 569 (PAC)

    - against -                                         :

                                                   :          **OPINION & ORDER**

UNITED STATES OF AMERICA                   :

                *Respondent*.                     :

------------------------------------------------------------------------X

       On July 28, 2008, the Honorable Shira A. Scheindlin sentenced Petitioner Lewis Allen to 87 months' imprisonment on two drug related offenses.[1] *See* ECF No. 27, No. 07 Cr. 235. On September 10, 2012, while serving his 87-month sentence in Case No. 07 Cr. 235, Allen was separately charged in a superseding indictment in Case No. 11 Cr. 569 with using a firearm to commit murder during and in relation to a drug trafficking conspiracy, in violation of 18 U.S.C. § 924(j)(1). *See* ECF No. 228.[2] Allen pleaded guilty to that offense, and on January 14, 2014, this Court sentenced Allen to 360 months' imprisonment to run concurrently with the remainder of Judge Scheindlin's sentence. *See* ECF Nos. 452, 465. On March 21, 2016, Allen petitioned this Court, pursuant to 28 U.S.C. § 2255, to vacate his sentence due to ineffective assistance of counsel, which this Court denied. ECF Nos. 1, 5, No. 16 Civ. 2088. Allen now argues that his 360-month concurrent sentence should be backdated to run from the start of his 87-month sentence. Def. Mot., ECF No. 640. For the reasons set forth below, Allen's petition is **DENIED**.

---

[1] Allen was sentenced on one count of conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846, and one count of distribution and possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).

[2] Unless otherwise specified, all citations to the docket ("ECF No.__") refer to Case Number 11 Cr. 569 (PAC).

## BACKGROUND

On January 14, 2014, this Court sentenced Allen to 360 months' imprisonment, to "run concurrently with the sentence previously imposed by Judge Scheindlin." Judgment, ECF No. 452, at 2. This Court expressly rejected Allen's argument that the murder was a related crime to the offenses underlying his prior 87-month sentence. *See* Sentencing Tr., ECF No. 465, at 12 ("I don't accept your argument that it was a related crime or a related activity."). The Court was clear that although it was "giving [Allen] credit for the balance that he has on Judge Scheindlin's time," *id.*, "the concurrency runs from the date of this sentencing." *Id.* at 11; *see also id.* at 12 (Defense Counsel: "Well, Judge, I'm [sic] just want to make sure that I can clarify at what point in time this sentence dates back to." The Court: "Dates back to today.").

In his instant motion, Allen seeks a "reduction in sentence by having my current case . . . backdated pursuant to the recent Supreme Court ruling in *Lora v. United States*, [599 U.S. 453 (2023)], and due to *Pepper v. United States*, [562 U.S. 476 (2011)] due to my rehabilitation." Def. Mot. 1.

## DISCUSSION

### I.    Applicable Law

"A filing made '*pro se* is to be liberally construed,' and 'interpreted to raise the strongest arguments that it suggests.'" *United States v. Marriott*, No. 18 Cr. 339 (PAC), 2020 WL 4883805, at *1 (S.D.N.Y. Aug. 19, 2020) (first quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); then quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 472 (2d Cir. 2006)) (quotations and brackets omitted). "[I]t is the substance of the petition, rather than its form, that determines the applicability of AEDPA . . . ." *James v. Walsh*, 308 F.3d 162, 166 (2d Cir. 2002).

2

A prisoner seeking to challenge his confinement may proceed under two distinct statutory provisions. A challenge to the *imposition* of a sentence is properly made pursuant to 28 U.S.C. § 2255, while a challenge to the *execution* of a sentence is properly made pursuant to 28 U.S.C. § 2241. *See Adams v. United States*, 372 F.3d 132, 134–35 (2d Cir. 2004). Sentence imposition deals with the legal "validity" of the original sentence, while sentence execution concerns "the manner of carrying out a prisoner's sentence." *Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006). "[A]s a general rule, federal prisoners must use § 2255 instead of § 2241(c)(3) to challenge a sentence as violating the Constitution or laws of the United States." *Jiminian v. Nash*, 245 F.3d 144, 147 (2d Cir. 2001).

As relevant here, § 2255 limits a prisoner's ability to challenge the imposition of a sentence multiple times. Section 2255(h) provides that a "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain" either "(1) newly discovered evidence" or "(2) a new rule of constitutional law." Thus, a district court lacks jurisdiction to hear a second or successive § 2255 motion "without authorization from the Second Circuit and is required to transfer such a motion to the Second Circuit if doing so is in the interest of justice." *Acosta v. United States*, 197 F. Supp. 3d 553, 556 (S.D.N.Y. 2016). "However, a district court need not transfer the second or successive motion if it is wholly without merit; the court should instead dismiss the motion if it is clear that the narrow set of factual predicates for relief on a second or successive section 2255 petition have not been made out." *Id.*

## II.     Allen's Motion

Allen's motion is properly construed as a petition under § 2255. Allen's chief argument is that superseding Supreme Court precedent entitles him to backdate the concurrency of his 360-month sentence to commence with his prior 87-month sentence. Because this Court explicitly

3

rejected this argument at sentencing, and because he challenges the legal validity of that holding, his challenge regards the imposition of his sentence, and his claim must therefore be brought under § 2255. *See Flowers v. Fed. Bureau of Prisons*, No. 19 Civ. 8831, 2020 WL 5633193, at *2 (S.D.N.Y. Sept. 21, 2020) (finding that a challenge to the Court's "determination as to whether the Federal Sentence should be served consecutively or concurrently" is properly construed as "a challenge to the imposition of a sentence that should be heard by the sentencing court").

This Court lacks jurisdiction to adjudicate Allen's instant motion because it is "second or successive" within the meaning of § 2255(h). "A Section 2255 motion is second or successive when a prior motion was adjudicated on the merits." *Alamilla v. Jaimison*, No. 23 Civ. 3016, 2023 WL 3602751, at *2 (S.D.N.Y. Apr. 11, 2023). Here, Allen previously petitioned this Court to vacate his sentence pursuant to § 2255, which the court denied on the merits. *See* ECF No. 5, No. 16 Civ. 2088. As such, this Court lacks jurisdiction to adjudicate his instant motion.

The Court further finds that transferring the motion to the Second Circuit is not warranted because Allen's motion is "wholly without merit." *Acosta*, 197 F. Supp. at 556. First, *Lora* provides Allen no new relief. *Lora* held that a "sentence for a § 924(j) conviction . . . can run either concurrently with or consecutively to another sentence." 599 U.S. at 455. This holding is statutory in nature, not constitutional, and has no bearing on Allen's claim. Regardless, Allen's § 924(j) sentence was imposed concurrent with his prior sentence, so he has already received the relief that *Lora* provides. Nothing in *Lora* suggests that his concurrent 360-month sentence must be backdated to commence with his other, unrelated sentence. *Pepper* is likewise unavailing. In *Pepper* the Court held that "when a defendant's sentence has been set aside on appeal and his case remanded for resentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing." 562 U.S. at 490. Here, both of Allen's federal sentences remain valid

4

and there is no basis for resentencing.  While his post-sentencing rehabilitation is commendable, *Pepper* does not hold that rehabilitation alone provides a basis to vacate or reduce his sentence. Because Allen fails to establish "the narrow set of factual predicates for relief on a second or successive section 2255 petition" the Court holds that it need not transfer the motion.  *Acosta*, 197 F. Supp. at 556.

## CONCLUSION

This Court lacks jurisdiction to adjudicate Allen's present motion because it is a "second or successive" within the meaning of § 2255(h).  Further, because Allen's petition is wholly without merit, the Court will not transfer the motion to the Second Circuit.  As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  28 U.S.C. § 2253.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).

Allen's motion to reduce his sentence is DENIED.  The Clerk is directed to terminate the motions at Case No. 07 Cr. 235, ECF No. 49, and Case No. 11 Cr. 569, ECF No. 640.

Dated: New York, New York
      October 27, 2023

SO ORDERED

HONORABLE PAUL A. CROTTY
United States District Judge

5